IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DEWITT L DAILEY, JR,

    Plaintiff,
v.                                        CASE NO. 1:17-cv-55-MW-GRJ

SADIE DARNELL,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a handwritten complaint and a motion for a preliminary injunction. ECF Nos. 1, 2. Plaintiff has been granted leave to proceed as a pauper by separate order. ECF No. 12. At the time the complaint was filed, Plaintiff was confined at the Alachua County Jail. He was subsequently transferred to the North Florida Evaluation and Treatment Center in late April 2017. ECF No. 10. He was returned Alachua County Jail before being transferred again to the Florida State Hospital, where he remains as of this date. ECF Nos. 17, 23.

On March 8, 2017, the Court ordered Plaintiff to file an amended complaint on the Court's form. The motion for a preliminary injunction was stricken as facially deficient. ECF No. 4. Plaintiff received extensions of time to file an amended complaint. ECF Nos. 11, 14. When Plaintiff failed

to comply within the allotted time, the Court recommended that the case be dismissed. ECF No. 16. Plaintiff objected, informing the Court that he had been transferred, and the Court withdrew the R&R and ordered Plaintiff to file his amended complaint by August 10, 2017. ECF No. 20.

Plaintiff filed an amended complaint on August 14, 2017. ECF No. 22. The Court screened the amended complaint pursuant to 28 U.S.C. § 1915(e)(2), which provides that the Court shall dismiss the complaint if it is "(I) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." The allegations of the amended complaint stem from incidents that occurred while Plaintiff was confined at the Alachua County Jail. Plaintiff alleged that mailroom staff at the Alachua County Jail mishandled some of Plaintiff's mail, in violation of his constitutional rights. Plaintiff sought monetary damages for "pain, suffering, and legal fees" as well as injunctive relief against the Jail. ECF No. 22.

Pursuant to the Prison Litigation Reform Act, a prisoner may not bring a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997(e); *Smith v. Allen* 502 F.3d 1255, 1271 (11th Cir. 2007) (citing *Napier v.*

*Preslicka*, 314 F.3d 528, 532 (11th Cir.2002)).  The Court concluded that Plaintiff's claims do not concern any physical injury, and therefore he has no claim for compensatory damages.  The Court further concluded that any claim for injunctive relief is moot because Plaintiff is no longer confined at the Alachua County Jail.  Thus, even if Plaintiff is able to successfully establish the violation of a constitutional right in connection with his mail, he would only be able to recover nominal damages – typically $1.00.  Plaintiff has no claim for "legal fees" because he is proceeding *pro se*.  The Court entered an order explaining this reasoning and gave Plaintiff an opportunity to file a second amended complaint clarifying that he may only seek nominal damages in this case.  ECF No. 24.

Plaintiff's second amended complaint, ECF No. 26, suffered from multiple defects.  The second amended complaint was unsigned.  It was 99 pages in length, including incorporated exhibits.  Local Rule 5.7(B) provides that a complaint must not exceed 25 pages unless the Court authorizes it.  In addition, Plaintiff failed to clarify whether he intended to pursue a claim for nominal damages only in connection with his assertion that his constitutional rights were violated by the Alachua County Jail mailroom staff.  The second amended complaint wholly failed to state what

relief Plaintiff sought. ECF No. 26.

In view of these defects, the Court determined that the second amended complaint should be stricken, and required Plaintiff to show cause by November 27, 2017, as to why this case should not be dismissed for failure to comply with the Court's orders and failure to prosecute. ECF No. 29.

This case is now before the Court on Plaintiff's construed motion for reconsideration, entitled "petition of mercy and acceptance of resubmitted amended complaint." ECF No. 30. Plaintiff alleges that he resubmitted an amended complaint, but no amended complaint has been received by the Court. Plaintiff submitted a handwritten "statement of facts" that includes one page of the Court's complaint form. That page reflects that Plaintiff continues to seek monetary damages for pain, suffering, and emotional distress as well as legal fees. *Id* at 30-1 p. 4.

Plaintiff has also filed a motion for leave to file excess pages, entitled "writ of prohibition/petition for leave to exceed civil complaint form page limit." ECF No. 32. Plaintiff restates his basic first amendment claim regarding the alleged mail room violations, but the motion provides no basis for the Court to conclude that Plaintiff should be allowed to file an

amended complaint in excess of the Local Rules' 25-page limit.

Moreover, construed as a response to the show cause order, neither of these pleadings establish cause for failing to comply with the Court's order to file a signed amended complaint, on the Court's form, that seeks relief that can be granted if Plaintiff were to succeed on his first amendment claim – in this case, only nominal damages. Plaintiff continues to seek relief in the form of compensatory damages for mental and emotional distress; such damages are barred on the facts alleged. *See* ECF No. 30-1.

The Court therefore concludes that Plaintiff has failed to show cause as to why this case should not be dismissed. First, Plaintiff has failed, despite numerous opportunities, to comply with the Court's clear and explicit orders to file a signed amended complaint that complies with the Local Rules. Second, Plaintiff has failed to establish that this case should not be dismissed for failure to state a claim upon which relief may be granted because his claim for compensatory damages is barred by the PLRA, as explained above.

Accordingly, it is hereby **ORDERED** that Plaintiff's motion for reconsideration, ECF No. 30, and motion for leave to file excess pages,

ECF No. 32, are **DENIED.**

It is respectfully **RECOMMENDED** that this case should be **DISMISSED** for failure to comply with an order of the Court and failure to state a claim upon which relief may be granted.

**IN CHAMBERS** this 8th day of December 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**